**THOMAS E. HIGGINS**
LAW OFFICES OF THOMAS E. HIGGINS P.L.L.C.
325 West Franklin Street
Tucson, Arizona 85701
(520) 624-8663
higginsinvail@aol.com
State Bar No: 04324
Attorney for Destiney Montoya

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | 4:23-cr-00277-RCC-1 |
|---|---|
| Plaintiff, vs. | SENTENCING MEMORANDUM |
| Destiney Rae Montoya | Hon. Raner C. Collins |
| Defendant | |

COMES NOW, Defendant, Destiney Montoya, by and through undersigned counsel, and submits to this court her Sentencing Memorandum. Ms. Montoya respectfully asks this Court to impose a just and mitigated disposition of time served but no more than 12 months and 1-day incarceration with 3 years of supervised release. Sentencing on this matter is scheduled for November 7, 2023.

**RESPECTFULLY SUBMITTED** this 3rd day of November 2023.

*LAW OFFICES OF THOMAS E. HIGGINS, PLLC*
*/S/ Thomas E. Higgins*
THOMAS E. HIGGINS
Attorney for Destiney Montoya

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **FACTUAL BACKGROUND**

Between April 2021 and September 6, 2021, Ms. Montoya advertised jobs to smuggle aliens from Mexico and instructed drivers on picking up aliens and bringing them to Phoenix. On March 1, 2023, the government charged Ms. Montoya with a single count of conspiracy to transport illegal aliens for profit. On August 16, 2023, Mr. Montoya pleaded guilty to the indictment and entered into a written plea agreement. Ms. Montoya has zero criminal record.

After her arrest and arraignment, Ms. Montoya performed well and made progress in her programs during pretrial release. She resumed her education at Maricopa Community College and is pursuing a degree in psychology. She maintains passing grades. She also continues to take care of her daughter, Nyahni, even without the presence of Nyahni's father. Although Ms. Montoya grew up with serious disruptions in her life, she became a guiding figure for her siblings and has remained so for her family and her daughter. When she was 12 years old, her mother was convicted of participating in a criminal street gang and was sentenced to 30 months in prison. (It is no wonder she didn't finish high school). As part of that proceeding, the police raided their home while Ms. Montoya and her siblings were there. Then her uncle committed suicide, which particularly affected Ms. Montoya. When Ms. Montoya was 19 years old, she became involved romantically with Treshawn Hudson, and the two of them had Nyahni. The romantic relationship became toxic, and Ms. Montoya took Nyahni to live with her grandparents. Since then, Ms. Montoya has worked to support herself and her daughter.

She completed her high-school equivalent degree and works full time. Her family was shocked to hear about these charges and has rallied around her to provide support for her and Nyahni and to ensure that she is surrounded by positive influences so she can continue to take care of Nyahni.

## II. ARGUMENT AND RECOMMENDATION

### 1) Legal Standard

The applicable Federal Sentencing Guideline range is the "starting point and the initial benchmark" of a sentencing calculation. *Gall v. United States*, 552 U.S. 38, 39 (2007). The Guidelines are advisory, so courts may not employ a "rigid mathematical formula[,]" but rather should impose a "reasonable" sentence. *See id.* at 38. Courts should also consider the factors listed in 18 U.S.C. § 3553(a) in determining an appropriate sentence. *See Gall*, 552 U.S. at 39. "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (quoting *United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009).

"In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *Ressam*, 679 F.3d at 1089 (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). Furthermore, variances are not subject to the Guideline analysis for departures. *See id.* at 49. Sentencing judges "'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest

information possible concerning the defendant's life and characteristics.'" *Pepper v. United States*, 562 U.S. 476, 480 (2011) (quoting *Williams v. New York*, 337 U.S. 241, 246-47 (1949). The principle expressed in *Williams* is further "codified" in 18 U.S.C. § 3553(a). *Pepper*, 562 U.S. at 480.

"[I]t is possible for a sentence to pass procedural muster and yet be substantively unreasonable." *United States v. Autery*, 555 F.3d 864, 870 (9th Cir. 2009). Therefore, while a District Court must give serious consideration before departing from the Guidelines, it does not even need to rely on "extraordinary circumstances" to justify a downward variance. *See id.* at 872. As to the any notice requirement for a variance, "[a] district court is not required under Rule 32(h) to give advance notice before imposing a sentence outside of the advisory guideline range if the sentence is the result of a variance." *United States v. Moschella*, 727 F.3d 888, 893 (9th Cir. 2013). "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). Therefore, "departure precedent does not bind district courts with respect to variance decisions, it is merely persuasive authority." *See U.S. v. Chase*, 560 F.3d 828, 832 (8th Cir. 2009).

"The court shall impose a sentence sufficient, but not greater than necessary, . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). The Court

should also consider "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" *Id.* at § 3553(a)(2).

**2)   A Lengthy Prison Term Will Not Serve Societal Interests.**

Ms. Montoya shows real capacity for change and rehabilitation and therefore, a prison term of 12 months and 1 day is sufficient to serve justice. Growing up, Ms. Montoya was resilient and a leader for her siblings during traumatic events such as their mother's arrest and incarceration and their uncle's suicide. Although Ms. Montoya was deeply disturbed by both, she did not let it affect her familial responsibilities and she inspired her siblings throughout their childhood. This background is important in assessing an appropriate sentence because it shows that Ms. Montoya will take the sentence as an opportunity for learning and growth, rather than wallowing in her circumstances. Because she can learn from her mistake, the sentence will be more impactful for her, and the Court can give her a variance in sentencing. Additionally, Ms. Montoya does not have any drug or alcohol problem, which will make it easier for her to correct her behavior.

Furthermore, this crime is not in character for Ms. Montoya and reflects the stress of single motherhood. Although Ms. Montoya did not have the best role models growing up, her family is now ready to be the role models she needs to move past this behavior and take care of her family in an upstanding way. This is her first offense, and she has never even been arrested before.

Finally, a sentence of more than 12 months and 1 day is greater than necessary because it would serve to punish Ms. Montoya's daughter, Nyahni, more than Ms.

Montoya. Certainly, Ms. Montoya knows the heartache of a mother being separated from her child and has shown her resolve not to let that happen to her daughter again. Nyahni is 3 years old and needs her mother present in this important stage of her development. By sentencing Ms. Montoya to 12 months and 1 day of imprisonment, followed by 3 years of supervised release, the Court will avoid unduly punishing Ms. Montoya's family and can be assured that Ms. Montoya will have learned her lesson. With supervised release, the Court will be assured that Ms. Montoya will not backslide. Given her youth and family responsibilities and commitment, it is in the interest of justice to rehabilitate Ms. Montoya speedily.

### III. Conclusion

Therefore, Ms. Montoya respectfully requests this Court sentence her to time served.  Or, no more than 12 months and 1 day of incarceration and 3 years of supervised release.

**RESPECTFULLY SUBMITTED** this 3rd day of November 2023.

*LAW OFFICES OF THOMAS E. HIGGINS, PLLC*
 */S/ Thomas E. Higgins*
THOMAS E. HIGGINS
Attorney for Destiney Montoya

A copy of the foregoing delivered
this 3rd day of November 2023 to:

MICAH SCHMIT
Assistant United States Attorney